# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RECREATIONAL EQUIPMENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>UKG INC., formerly known as THE ULTIMATE SOFTWARE GROUP INC., a Delaware corporation,<br><br>Defendant. | No. 20-2-16158-6 KNT<br><br>AMENDED COMPLAINT |

Plaintiff Recreational Equipment, Inc. ("REI"), by and through its attorneys, for its Complaint against Defendant UKG Inc., formerly known as The Ultimate Software Group ("Ultimate"), alleges as follows:

## I.   PARTIES

1. Recreational Equipment, Inc. is a Washington corporation with its principal place of business in the City of Kent in King County, Washington.

2. Upon information and belief, UKG Inc., formerly known as The Ultimate Software Group, Inc., is a Delaware corporation with its principal place of business in Westin, Florida. Ultimate is registered to do business in Washington.

AMENDED COMPLAINT - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to chapter 2.08 RCW because REI demands legal relief in excess of three hundred dollars.

4. Venue is proper in this Court under RCW 4.12.025 because Ultimate transacts business in King County, Washington, and the agreement Ultimate entered into with REI was made in King County, Washington.

## III. FACTS

### A. Ultimate Agrees to Provide REI with Payroll Software and Services that Comply with Legal and Regulatory Requirements.

5. REI and Ultimate executed a Software as a Service ("SaaS") Model Agreement, effective September 30, 2016 ("Agreement"), under which Ultimate agreed to provide software, services, and SaaS services related to, *inter alia*, payroll administration, including design and issuance of wage statements for REI employees.

6. In Section 12 of the Terms and Conditions, Ultimate warrants that "[t]he Support, activation and/or consulting services provided hereunder by Ultimate Software will be performed in a profession matter with high quality and consistent with no less than the standards and the general customs and practices of quality vendors in the industry."

7. In Section 12, Ultimate further warrants that its software will "materially and substantially perform in accordance its documentation (including any online materials) and applicable functionality described in Ultimate's response to Customer's RFP [(Request For Proposal)] attached hereto and incorporated by reference...."

8. REI's RFP inquired whether the vendor would take responsibility for making changes to its product to ensure compliance with laws and regulations or, instead, whether changes would be made only upon request by REI. In response, Ultimate committed to maintain

AMENDED COMPLAINT - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

current information about new rules and requirements and to implement updates to its software to "keep you [REI] in compliance." Specifically, Ultimate responded to REI's RFP as follows:

> **2.5.3.** As legal/regulatory requirements change, do you incorporate these changes automatically within your product or on a by-request basis only? What is the scope of regulatory updates (payroll tax, FICA, ACA, ERISA, FMLA, Safe/Secure, and others)?
>
> ***Ultimate Software is committed to maintaining the most current legislative and compliance information for our clients.*** *Our internal tax and compliance teams research proposed and pending legislation.* ***As a part of our standard maintenance, compliance and regularly updates are delivered to our customers in UltiPro releases and product updates.***
>
> *A recent and ongoing example of this is the Affordable Care Act legislation. From the initial rollout of ACA, Ultimate Software has delivered white papers and held webinars on the topic. And as the ACA legislation continues to mature, we continue to educate our customers and enhance our product. We deliver tools that make it easier to administer the measurement period (look back) and stability periods, making it easy to quickly identify eligible and non-eligible employees, and if those employees have been offered coverage.* ***As new rules and reporting requirements are mandated, Ultimate Software continues to enhance the solution to keep you in compliance.***
>
> ***Also, with hundreds of standard delivered reports, including signature-ready reports, UltiPro enables you to comply with human resource and payroll regulatory requirements and makes it easy to record key information for government compliance, reporting and analysis* . . .**

(emphasis added).

9.    Consistent with the RFP, online materials on Ultimate's website state that Ultimate will "[r]emain complaint with regulations, statutes, and ordinances impacting calculations, pay statements, and more...."

10.    Section 20 of the Terms and Conditions further warrants: "Compliance. Each party shall comply with applicable law in connection with their respective obligations under this Agreement."

AMENDED COMPLAINT - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

11. Section 12 of the Terms and Conditions provides for a limitation on damages liability for claims under the Agreement to the amounts paid and payable by REI to Ultimate for the eighteen month period prior to the action giving rise to the claim. However, this limitation on damages liability does "not apply to or otherwise limit…damages arising from either party's gross negligence or willful misconduct…and/or…damages arising from the other party's failure to comply with applicable law."

12. Section 15 of the Terms and Conditions provides that the Agreement "shall be governed by and construed in accordance with the internal laws of the state of Washington."

13. Section 15 further provides that the "substantially prevailing Party in any such action shall be entitled to recover its reasonable attorney's fees and costs from the non-prevailing Party."

**B.   Per the Agreement, REI relies on Ultimate for design and issuance of legally compliant wage statements to REI employees.**

14. On or around January 1, 2018, REI transferred payroll processes, including issuance of wage statements, from its legacy systems to the Ultimate system. After the close of each pay period, the Ultimate software system generates wage statements for each employee based on, *inter alia*, REI's pay data. Employees can access the wage statements through an website maintained by Ultimate. In addition, Ultimate prints and delivers to REI wage statements for REI employees who opt to receive hard copies.

15. The online and hard copy wage statements generated by Ultimate for REI employees were based on templates offered by Ultimate. For non-exempt employees, the wage statements displayed overtime on two lines: "OT Base" hours, rate, and pay based on 1.0 times applicable rate of pay; and "OT Premium" rate, hours, and pay based on based on 0.5 times applicable rate of pay.

AMENDED COMPLAINT - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

16. Before REI transferred its payroll processes to Ultimate, REI confirmed with Ultimate that Ultimate's wage statement templates were capable of complying with California law.

C. **REI Is Sued by Putative Class of California Non-Exempt Employees Based on Wage Statements Generated by Ultimate.**

17. On or about October 31, 2018, Martha Reilly filed a putative class action against REI in the California Superior Court of Alameda County, which action REI removed to federal court in the Northern District of California, *Reilly, et al. v. Recreational Equipment, Inc.*, Case No. 3:18-cv-07385-LB (N.D. Cal.) ("Lawsuit").

18. In the Lawsuit, Reilly claimed that REI violated the California Labor Code by, *inter alia*, providing inaccurate wage statements ("Wage Statement Claim"), as well as additional claims relating to security and bag check inspections.

19. With regard to the Wage Statement Claim, Reilly asserted that the wage statements issued to REI's nonexempt employees in California were inaccurate because (1) the overtime rate was shown as 0.5 times (as opposed to 1.5 times) base rate and (2) overtime hours were double counted.

D. **Ultimate Refuses to Participate in Mediation with REI and Reilly; REI Agrees to Pay $5 Million to Settle Class Action Lawsuit.**

20. On September 30, 2019, REI provided written notice and tender to Ultimate of REI's claim for damages in relation to the Lawsuit. REI explained that to the extent that Reilly was successful on her claims regarding the accuracy of the wage statements issued by Ultimate, Ultimate had failed to meet its obligations under the Agreement and, thus, the allegations in the Lawsuit triggered Ultimate's obligation to pay REI damages.

AMENDED COMPLAINT - 5

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

21.     On October 16, 2019, REI invited Ultimate to participate, either in person or by telephone, in a mediation with Reilly scheduled for November 19, 2019 in Los Angeles, California. Ultimate refused.

22.     At the November 19, 2019 mediation, REI and Reilly reached a memorandum of understanding ("Memorandum of Understanding") under which REI agreed to pay $5 million total ("Settlement Payment") to settle the Lawsuit on a class-wide basis. The Memorandum of Understanding does not allocate the settlement amount to particular claims.

23.     On December 16, 2019, REI notified Ultimate of the settlement with Reilly and demanded that Ultimate pay $5,413,036.74, including the Settlement Payment and REI's defense costs and attorney's fees in the Lawsuit as of that date (including the mediation fee). Despite multiple follow up communications from REI, Ultimate has never agreed to pay this demand, in whole or in part, or even addressed the substance of the allegations.

24.     The district court granted preliminary approval of the settlement of the Lawsuit per the Memorandum of Understanding on March 26, 2020, and finally approved the settlement on August 6, 2020. On September 4, 2020, REI fully funded the settlement per the court's order.

### IV.     FIRST CAUSE OF ACTION: BREACH OF CONTRACT

25.     REI adopts and incorporates the allegations set forth above, the same as if set forth herein.

26.     REI entered into a contract with Ultimate to provide software, services, and SaaS services for payroll administration, including design and issuance of wage statements to REI employees.

27.     The terms of the Agreement required Ultimate to design and issue wage statements to REI employees that comply with all applicable laws.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

28. To the extent Reilly had succeeded on her Wage Statement Claim in the Lawsuit, Ultimate breached the Agreement by failing to design and issue accurate wage statements to REI non-exempt employees in California in compliance with California Labor Code.

29. REI was damaged as a result of Ultimate's breach of the Agreement.

30. The Agreement's limitation on damages liability does not apply because REI's damages arise from Ultimate's gross negligence and/or Ultimate's failure to comply with the law.

31. Because Ultimate refused to defend REI in the Lawsuit or participate in the November 19, 2019 mediation with REI and Reilly, Ultimate is precluded from challenging the amount of the Settlement Payment or attempting to allocate the Settlement Payment or REI's attorney's fees and costs to claims not attributable to Ultimate.

32. REI is therefore entitled to recover the Settlement Payment; all attorney's fees and costs incurred by REI in litigating the Lawsuit; and all attorney fees and costs incurred by REI in this case.

### V.   SECOND CAUSE OF ACTION: IMPLIED INDEMNITY

33. REI adopts and incorporates the allegations set forth above, the same as if set forth herein.

34. REI entered into a contract with Ultimate for the provision of software, services, and SaaS services for payroll administration, including design and issuance of wage statements to REI employees.

35. To the extent Reilly had succeeded on her Wage Statement Claim in the Lawsuit, Ultimate, by its acts and omissions set forth above, failed to design and issue accurate wage

AMENDED COMPLAINT - 7

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

statements to REI non-exempt employees in California in compliance with California Labor Code.

36. REI reached a settlement with Reilly to resolve the Lawsuit and incurred substantial attorney's fees and costs in litigating the Lawsuit.

37. Reilly and the putative class's alleged injuries and damages claimed against REI were proximately caused in whole or in part by Ultimate, over whom REI had no control.

38. Because Ultimate refused to defend REI in the Lawsuit or participate in the November 19, 2019 mediation with REI and Reilly, Ultimate is precluded from challenging the amount of the Settlement Payment or attempting to allocate the Settlement Payment or REI's attorney's fees and costs to claims not attributable to Ultimate.

39. REI is therefore entitled to be indemnified by Ultimate and reimbursed for the Settlement Payment and all attorney's fees and costs incurred by REI in litigating the Lawsuit.

## VI.  THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

40. REI adopts and incorporates the allegations set forth above, the same as if set forth herein.

41. Ultimate, through its actions and omissions as set forth herein, represented to REI that the payroll services provided by Ultimate, including wage statements, complied with applicable laws and regulations.

42. To the extent Reilly had succeeded on her Wage Statement Claim in the Lawsuit, Ultimate's representations to REI were false because the wage statements issued by Ultimate to REI non-exempt employees in California allegedly violated the California Labor Code.

AMENDED COMPLAINT - 8

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

43. Ultimate knew or should have known that REI would rely on its representations that Ultimate's payroll services including wage statements would comply with applicable laws and regulations.

44. REI reasonably relied on Ultimate's representations and Ultimate's representations are the proximate cause in whole or in part of REI's claimed liability to Reilly and the putative class and the resulting damage and expense incurred by REI.

45. Because Ultimate refused to defend REI in the Lawsuit or participate in the November 19, 2019 mediation with REI and Reilly, Ultimate is precluded from challenging the amount of the Settlement Payment or attempting to allocate the Settlement Payment or REI's attorney's fees and costs to claims not attributable to Ultimate.

**VII.   FOURTH CAUSE OF ACTION: EQUITABLE INDEMNITY**

46. REI adopts and incorporates the allegations set forth above, the same as if set forth herein.

47. Ultimate provided payroll services to REI, including design and issuance of wage statements for nonexempt employees in California.

48. To the extent Reilly had succeeded on her Wage Statement Claim in the Lawsuit, Ultimate, by its acts and omissions set forth above, failed to design and issue accurate wage statements to REI non-exempt employees in California in compliance with California Labor Code.

49. REI reached a settlement with Reilly to resolve the Lawsuit and incurred substantial attorney's fees and costs in litigating the Lawsuit.

50. Reilly and the putative class's alleged injuries and damages claimed against REI were proximately caused in whole or in part by Ultimate, over whom REI had no control.

AMENDED COMPLAINT - 9

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

51. Because Ultimate refused to defend REI in the Lawsuit or participate in the November 19, 2019 mediation with REI and Reilly, Ultimate is precluded from challenging the amount of the Settlement Payment or attempting to allocate the Settlement Payment or REI's attorney's fees and costs to claims not attributable to Ultimate.

52. REI is entitled to be indemnified by Ultimate and reimbursed for all attorney's fees and costs incurred by REI in litigating the Lawsuit.

## VIII. PRAYER FOR RELIEF

WHEREFORE, REI prays for judgment against Ultimate as follows:

1. For damages, indemnification, and/or reimbursement of all amounts described herein;

2. For an award of all reasonable attorney's fees and costs incurred by REI in this matter;

3. For pre- and post-judgment interest; and

4. For other such relief as the Court deems just and equitable.

DATED this 29th day of December, 2020.

PACIFICA LAW GROUP LLP


By  s/ Jamie L. Lisagor
    Matthew J. Segal, WSBA #29797
    Jamie L. Lisagor, WSBA # 39946

Attorneys for Plaintiff
Recreational Equipment, Inc.

AMENDED COMPLAINT - 10

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750