UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RECREATIONAL EQUIPMENT, INC.,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UKG, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C21-0107JLR<br><br>ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE |

## I.   INTRODUCTION

Before the court is Defendant UKG, Inc.'s ("UKG") motion to dismiss for improper venue or, in the alternative, to transfer venue. (MTD (Dkt. # 10).) Plaintiffs Recreational Equipment, Inc. ("REI") oppose the motion. (Resp. (Dkt. # 14).) The court//

//

//

//

ORDER - 1

has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion.

## II. BACKGROUND

REI is a Washington corporation with its principle place of business in Kent, Washington. (Am. Compl. (Dkt. # 1-1) ¶ 1.) UKG is a Delaware corporation with its principal place of business in Weston, Florida. (*Id.* ¶ 2; MTD at 2.) This case arises out of UKG's alleged breach of a contract to provide REI with software, services, and Software as a Service ("SaaS") services related to payroll administration. (Am. Compl. ¶ 5.) REI alleges that UKG's breach resulted in damages in the form of a settlement payment and associated legal fees for an underlying lawsuit in California, where plaintiffs alleged REI violated California labor laws. (*See id.* ¶¶ 28-32, 35-39.)

**A. The Contract, Underlying Lawsuit, and Settlement**

REI's contract with UKG was a result of a strategic sourcing process run out of REI's headquarters in Kent, Washington. (Thiessen Decl. (Dkt. # 15) ¶ 2.) The alleged contract was executed on September 30, 2016. (Am. Compl. ¶ 5.) Over the course of 2017, a UKG analyst worked with REI personnel at its headquarters in Kent to implement UKG's UltiPro payroll and human resources system. (Thiessen Decl. ¶ 7.) On January 1, 2018, REI transferred its payroll processes to UKG's systems. (Am. Compl. ¶ 14.)

---

[1] Neither party seeks oral argument (*see* MTD at 1; Resp. at 1), and the court does not consider oral argument to be helpful in its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1  On October 31, 2018, Martha Reilly, an REI employee, filed a class action lawsuit against REI in the California Superior Court of Alameda County, claiming it had violated the California Labor Code by, among other things, providing inaccurate wage statements. (*Id.* ¶¶ 17-18.) REI subsequently removed the lawsuit to federal court in the Northern District of California. (*Id.* ¶ 17.)

On September 30, 2019, REI provided written notice and tender to UKG of REI's claim for damages related to Ms. Reilly's suit. (*Id.* ¶ 20.) On October 16, 2019, REI invited UKG to participate in a mediation with Ms. Reilly in Los Angeles, California. (*Id.* ¶ 21.) UKG refused this invitation. (*Id.*) After the mediation, REI reached an agreement with Ms. Reilly for a class-wide settlement in which REI agreed to pay $5 million. (*Id.* ¶ 22.) On December 16, 2019, REI notified UKG of the settlement and demanded that UKG pay $5,413,036.74, which included the settlement payment and REI's defense costs and attorney's fees. (*Id.* ¶ 23.) UKG refused to pay. (*Id.*) On August 6, 2020, the district court in the Northern District of California finally approved REI's class settlement agreement, and on September 4, 2020, REI fully funded the settlement. (*Id.* ¶ 24.)

**B.    The Instant Litigation**

REI filed its amended complaint in the Superior Court for King County, Washington on December 29, 2020. (*See generally id.*) REI brings claims against UKG for breach of contract, implied indemnity, negligent misrepresentation, and equitable indemnity. (*Id.* ¶¶ 25-52.) According to REI, "[t]o the extent [Ms.] Reilly succeeded on her Wage Statement Claim in the [underlying] Lawsuit, [UKG] breached [REI and

UKG's contract] by failing to design and issue accurate wage statements to REI non-exempt employees in California in compliance with California Labor Code." (*Id.* ¶ 28.) On January 28, 2021, UKG removed this case to federal court. (Not. of Removal (Dkt. # 1).)

On February 4, 2021, UKG filed the instant motion to dismiss for improper venue or, in the alternative, transfer venue. (MTD.) REI filed its response on March 1, 2021. (Resp.) On reply, UKG concedes that this court has jurisdiction and venue over this matter but nonetheless requests that the court transfer this action to the United States District Court for the Northern District of California. (Reply (Dkt. # 17) at 1.)

### III. ANALYSIS

UKG concedes that its motion to dismiss is not well founded and that venue is proper.[2] (*Id.* at 1.) Therefore, the court construes UKG's motion as one to transfer venue under 28 U.S.C. § 1404(a). The court lays out the relevant legal standard before determining that transfer is not warranted.

**A. Legal Standard**

A party may move to transfer venue pursuant to 28 U.S.C. § 1404(a) if transfer would serve "the convenience of the parties and witnesses" and "the interest of justice." *See* 28 U.S.C. § 1404(a). As a threshold matter, the moving party must show that the

---

[2] The court agrees with REI that "even the most cursory review of cases or commentary would have confirmed" that UKG's arguments in favor of dismissal are without merit. (*See* Resp. at 2.) The court encourages UKG to conduct such a review before filing a motion in the future. If it fails to do so, the court may determine that sanctions are warranted. *See* Fed. R. Civ. P. 11.

transferee district is one in which the suit "might have been brought" in the first instance. *See id.* In other words, the moving party must show that the transferee court possesses subject matter jurisdiction over the action, venue would have been proper in the transferee court, and the parties would be subject to personal jurisdiction in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A. J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974).

Once the threshold questions are resolved, the court considers whether the convenience of the parties and witnesses and the interest of justice favor transfer. *See* 28 U.S.C. § 1404(a). In a "typical case not involving a forum selection clause, a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). The Ninth Circuit Court of Appeals instructs district courts to apply a nine-factor balancing test to determine whether to transfer a case under Section 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The balancing test weighs: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof," and (9) the public policy considerations of the forum state. *See id.* at 498-99.

//

//

**B.    Threshold Question**

The court concludes that UKG has carried its burden to establish that the Northern District of California is a suitable alternative forum for this dispute. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). The underlying lawsuit and settlement that form at least part of the basis for REI's breach of contract and indemnification claims occurred in the Northern District of California. *See supra* § II.A. This is sufficient to comply with the requirements of 28 U.S.C. § 1391(b)(2). *See Fortune Indus. Int'l, Inc. v. Madison Elec. Prod., Inc.*, No. C09-0200RSM, 2009 WL 10676497, at *2 (W.D. Wash. July 2, 2009) ("[T]he chosen venue need not be the best venue, only a qualifying venue.") (citations and quotation marks omitted.)[3]

**C.    Balancing Test**

UKG concedes that two of the nine factors weigh in favor of venue remaining with this court: the location where the agreement was executed by REI and REI's choice of forum. (MTD at 6.) However, it contends that all other factors weigh in favor of transfer to the Norther District of California. (*Id.*) The court disagrees and concludes that the remaining factors either suggest venue should remain in the Western District of Washington or weigh in neither party's favor. The court addresses the remaining seven factors in turn.

---

[3] REI does not meaningfully contest that the Northern District of California would have subject matter or personal jurisdiction over this action. (*See* Resp. at 10-11.)

While UKG contends that the underlying case was based on alleged violations of the California Labor Code, it is at heart a breach of contract case regarding a contract that is governed by Washington law. (*See* Thiessen Decl. ¶ 6, Ex. A at 18; Reply at 5 (not contesting applicability of contract's choice of law provision).  Thus, while disposition of this case may involve some analysis of the California Labor Code, the "state most familiar with the governing law factor" does not weigh in favor of transfer to California and is, at most, neutral.

The parties' respective contacts with the forum weigh in favor of remaining in Washington.  UKG is a Delaware corporation headquartered in Florida. (MTD at 2.)  It offers no arguments that it has more contacts with California than Washington. (*See generally* MTD; Reply.)  REI, however, is a Washington corporation with its principal place of business in the Western District of Washington. (Compl. ¶ 1; Resp. at 12.)  The contacts related to REI's cause of action in the chosen forum also weigh in favor of remaining in Washington.  In addition to the contract solicitation and negotiation process occurring in the Western District of Washington, UKG personnel spent the majority of a year frequently working with REI personnel in Kent, Washington, to implement UKG's system, which is at the heart of this dispute. (Thiessen Decl. ¶ 7.)

The costs of litigation, availability of compulsory process, and ease of access to sources of proof factors are also neutral.  While it is possible witnesses from California may offer testimony regarding the underlying lawsuit that is relevant in this matter, UKG fails to explain why their testimony would be necessary and offers only speculation that these potential witnesses would be unwilling to testify. (*See* Reply at 7-8.)  REI,

however, submits that the majority of its relevant witnesses are based in Washington. (Resp. at 14.)  Similarly, UKG asserts that the sources of proof will be California-based (Reply at 8), while REI maintains that the majority of relevant records are in Washington (Resp. at 14).  The court concludes these factors weigh in favor of neither party.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (declining to transfer when "transfer would merely shift rather than eliminate" costs and inconvenience).

UKG offers no arguments regarding the final factor—public policy considerations. (*See generally* MTD; Reply.)  REI responds that states have an interest in providing a forum for their injured residents, and it is a Washington corporation.  (Resp. at 15 (citing *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir.1996).)  In the absence of any countervailing arguments, the court concludes this factor weighs in favor of venue remaining in this district.

Thus, the court determines that none of the nine *Jones* factors weigh in favor of transfer, while at least four suggest that venue should remain in the Western District of Washington.  UKG's motion to transfer is accordingly DENIED.

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES UKG's motion to dismiss or transfer venue (Dkt. # 10).

Dated this 18th day of March, 2021.

JAMES L. ROBART
United States District Judge